5 F.3d 536
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Manuel GARCIA; Judy Garcia, Petitioners-Appellants,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 91-70770.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 8, 1993.
Decided Aug. 27, 1993.
 
 Appeal from a Decision of the United States Tax Court; No. 6097-88.
 Stet,
 AFFIRMED.
 Before WALLACE, Chief Judge, and O'SCANNLAIN and FERNANDEZ, Circuit Judges.
 
 
 1
 Garcia appeals a decision of the tax court affirming the Internal Revenue Service's assessment of additions to tax and penalties. The tax court exercised jurisdiction pursuant to 26 U.S.C. Secs. 6213, 6214, and 7442. We have jurisdiction over Garcia's timely appeal pursuant to 26 U.S.C. Secs. 7482(a) and 7483.
 
 
 2
 In light of our decision in Wolf v. Commissioner, No. 91-70694, slip op. ---- (9th Cir. Aug. 30, 1993), we affirm for the reasons stated in the tax court's memorandum opinion. See Garcia v. Commissioner, 62 T.C.M. (CCH) 736 (1991).
 
 
 3
 AFFIRMED.
 
 
 4
 O'SCANNLAIN, Circuit Judge, concurring in part and dissenting in part:
 
 
 5
 I concur in the majority's opinion except insofar as it affirms the imposition of penalties under 26 U.S.C. Sec. 6673. Although I agree with the majority that the Garcias' arguments are ultimately meritless, I believe that the Garcias' position was not frivolous. The Garcias relied on the advice of their accountant in deciding to invest in Five J Records. Whether that reliance insulated them from negligence penalties is a colorable issue that is worthy of judicial review. Thus, I believe it was an abuse of discretion for the tax court to impose penalties for bringing a frivolous action, and I respectfully dissent on that issue only.